NO. 8970.

COURT OF APPEAL

PARISH OF ORLEANS.

------

FRED FRANZ

versus

A. LEVITAN FURNITURE CO., et als

----------

411

Dinkelspiel; J.

The allegations of plaintiff's petition aver that the defendants rented premises 1200 Dryades Street in this city prior to October 1st, 1920 for xxxx one year, lease expiring September 30th, 1921; averring further that prior to the expiration of the lease in question; notice was given to the defendants to vacate; refusing to do so, remaining in possession until after the expiration of the lease without any right or authority so to do, plaintiff was compelled to institute proceedings for ejectment and this judgment being obtained defendants were ejected from said premises; subsequently defendant maintaining illegal possession of the xxxxxxx premises, xxx same in the meantime having been leased to S. S. LeBlanc and D. L. Ivy, and these parties unable to obtain possession through illegal acts of defendant; plaintiff brought suit in the Civil District Court against the defendant for damages for the illegal acts complained of. In that suit on appeal to this Court from the judgment maintaining an exception of no cause of action, xx it was held that the action in question was premature, and as it was/proven the amount of damages sustained by plaintiff there could be no action for damages, and the judgment of the Court in that case, which is No. 8669, of the docket of this Court was to the following effect:

"In order that plaintiff's rights against the defendants resulting from any xxxx claims or suit that LeBlanc and Ivy may have against them in the future may not be/defeated by the judgment of the District Court maintaining the exception of no cause of action, we will reserve his rights.xxxxxxxxxxx

The present suit is a sequence to the action in question.

The allegations of the petition further aver that Le Blanch and Ivy filed a suit in theCivil District Court against plaintiff and the defendants in this case, claiming the sum of $1500.00 damages for the illegal retention of the premises

leased by plaintiff to LeBlanc & Ivy, and to this suit the defendant Levitan et als filed an exception of vagueness and also an exception of no cause of action.

The petition further goes on to allege that fearing that plaintiffs in that case would obtain a large judgment for damages against the plaintiff in this case, he compromised and settled that litigation by paying to LeBlanc and Ivy the sum of $615.00, and for which he now seeks to recover the same amount from the defendants herein.

An examination of this record satisfies us that the maintenance of the defendant's exception of no cause of action was an error for the reason, first, that under the Civil Code Art. 2315: "Every act whatever of man that causes damage to another, obliges him by whose fault it happened, to repair it."

And this article has been construed in many decisions of our Supreme Court, and we refer only to one, which we think is covers this case in so far as the exception of no cause of action is concerned.

The case referred to is Hyman vs. Hibernia Bank & Trust Company, 139 La. 411-14:

"If by the unlawful act of two defendants the plaintiff has been deprived of a right which he had, and thereby has sustained a loss, the defendants are bound to repair it.

There can be, under the allegations, no question but that plaintiff has sustained the loss, and that it has been caused by the act of the defendants; the only question, therefore must be whether the act was unlawful."

Quoting numerous authorities.

We are of the opinion further that the question of compromise upon which this suit is brought must be determined by the Court aquo, its duty in the premises is to investigate and ascertain from the evidence to be adduced, whether or not the compromise was actually made and for what if any amount was paid by the plaintiff in this case to LeBlanc & Ivy, and

414

also to what extent if any, derendants can be held accountable and responsible therefor.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and it is hereby annulled and reversed, and it is further ordered, adjudged and decreed, that the Judge of the Court aquo hear and determine the issues presented, as to whether or not plaintiff did or not compromise and settle his differences in the matters complained of and if so, what he paid, and whether or not ax under the evidence and the facts to be discussed, the defendant, Levitan & Company were or were not bound to make the amount good and if so to what extent. Costs of this appeal to be paid by the defendants and all other costs to await the future result.

-Judgment annulled and reversed
and case remanded.